PAUL A. CRIDLEBAUGH and )
BETTY J. CRIDLEBAUGH, )
                                  )
        Plaintiffs, )
                                  )
vs. )     Case No. 12-6078-CV-SJ-ODS
                                  )
CITIMORTGAGE, INC., et al., )
                                  )
        Defendants. )

<u>AMENDED ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
STEWART TITLE GUARANTY COMPANY'S MOTION TO DISMISS[1]</u>

      Pending is a Motion to Dismiss filed by Stewart Title Guaranty Company ("Stewart Title"). For the following reasons, the motion (Doc. # 12) is granted in part and denied in part.

## I. BACKGROUND

      In November 2006, Plaintiffs obtained a loan from Corestar Financial Group, LLC and executed a Deed of Trust on certain real property to secure the loan. Plaintiffs essentially claim the Deed of Trust includes property that was not intended to be used as security. They have sued a multitude of defendants, including Stewart Title, asserting the following causes of action:

        Count I      Rescission/Reformation of the Deed of Trust
        Count II     Quiet Title
        Count III    Specific Performance
        Count IV    Breach of Contract
        Count V     Civil Conspiracy

---

[1] This is an amended version of the Order and Opinion filed on October 15, 2012. The original version failed to address Counts IX and X, and the only difference between this version and the original is that this one addresses those counts.

> Count VI    Slander of Title
>
> Count VII   Fraud/Misrepresentation
>
> Count VIII  Negligent Misrepresentation
>
> Count IX    Violations of the Missouri Merchandising Practices Act
>
> Count X     Violations of the Truth in Lending Act

Plaintiffs' state court Petition (also referred to herein as Plaintiffs' Complaint) alleges Stewart Title "provided the loan title commitment to Defendant Corestar or to the Plaintiffs and is believed to have prepared the Deed of Trust and had it recorded for the Defendants."

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

2

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). In this case, various loan documents have been attached to Plaintiffs' Complaint, so they may be considered in evaluating Stewart Title's motion.

## A. Count V

The Court will begin by addressing Count V because civil conspiracy is not really a cause of action. "A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or use unlawful means to do an otherwise lawful act." Trimble v. Pracna, 51 S.W.3d 481, 500 (Mo. Ct. App. 2001). It is not a cause of action unto itself, but rather a means of extending liability to parties who may have aided others in committing a tort without committing all of the elements of the tort themselves. Id. at 501. "A claim of conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996) (en banc). The "meeting of the minds" must be plead with sufficient facts to support the elements: not only because Missouri law requires it, Lyn-Flex West, Inc. v. Dieckhaus, 24 S.W.3d 693, 700 (Mo. Ct. App. 1999), but because Iqbal and Twombly require Plaintiff to plead facts sufficient to show more than the mere possibility that there was a meeting of the minds to commit any of the torts alleged elsewhere in the Complaint. Count V simply alleges – with no elaboration or explanation of the facts – that there was a meeting of the minds. This is insufficient, and Count V must be dismissed.

## B. Count I

3

Reformation of an instrument is a form of equitable relief that is available when the parties to the instrument operated under a mutual mistake; it allows the instrument to be "rewritten" to conform to the parties' intent. Rainey v. Foland, 555 S.W.2d 88, 91 (Mo. Ct. App. 1977). Rescission involves cancelation of the contract or instrument and is also available when the parties labor under a mutual mistake. E.g., Shop 'N Save Warehouse Foods, Inc. v. Soffer, 918 S.W.2d 851, 862 (Mo. Ct. App. 1996). Stewart Title was not a party to the agreements Plaintiffs seek to reform or rescind, so it cannot be a defendant on Count I.

### B. Count II

A claim to quiet title seeks adjudication of the various parties' rights and interests with respect to land. E.g., Sharp v. Crawford, 313 S.W.3d 193, 199 (Mo. Ct. App. 2010). Stewart Title does not claim any interest or right in Plaintiffs' property, so Stewart Title must be dismissed from Count II.

### C. Counts III and IV

Count III asserts a claim for breach of contract, and Count IV seeks specific performance of the contract. Stewart Title was not a party to the contract, so neither Count III nor Count IV states a claim against Stewart Title.

### D. Count VI

To support their claim for slander of title, Plaintiffs must prove they had an interest in the property, that the defendant published false words, that the defendant acted maliciously, and that Plaintiffs suffered damage. E.g., Lau v. Pugh, 299 S.W.3d 740, 748-49 (Mo. Ct. App. 2009). The question of malice is a fact question. Id. at 749 n.10. Plaintiffs allege the defendants named in Count VI (including Stewart Title) acted maliciously, but provide no particular facts to support this conclusion. While more detail

4

could be provided (and will certainly be required when Plaintiffs are required to prove their allegations), the Court deems this allegation to be sufficient under Iqbal and Twombley. Count VI will not be dismissed.

### E. Counts VII and VIII

Stewart Title contends the misrepresentation claims must be dismissed because Plaintiffs have not alleged any false statements it made. To the contrary, Plaintiffs allege Stewart Title represented that it would prepare a Deed of Trust to reflect the transaction, and the Deed of Trust prepared by Stewart Title included property that was not supposed to be included. While an ordinary negligence claim (as opposed to a negligent misrepresentation claim) might be a more appropriate cause of action, the Court cannot conclude Plaintiffs have failed to state a claim for which relief can be granted. Similarly, the Court cannot resolve the issue of Stewart Title's intent when ruling on a Motion to Dismiss, so the fraudulent misrepresentation claim cannot be dismissed.

### F. Count IX

The Missouri Merchandising Practices Act ("MMPA" prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise . . . ." Mo. Rev. Stat. § 407.020.1. However, these provisions do not apply to any institution or entity that is subject to "chartering, licensing or regulation by," among others, the "director of the division of insurance absent conditions that are not alleged to exist here. Id. § 407.020.2(2). Plaintiffs do not deny that Defendant is subject to regulation by the Missouri Division of Insurance; in fact, they do not address this argument at all. Count IX fails to state a claim against Stewart Title.

5

### G. Count X

The Truth in Lending Act ("TILA") provides liability for any "creditor" that fails to comply with its provisions. The term "creditor" is statutorily defined as follows:

> The term "creditor" refers only to a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g). The Complaint does not allege Stewart Title is a creditor within the meaning of TILA. Moreover, the documents attached to the Complaint (which, as noted, can be considered when ruling on the motion) demonstrate Stewart Ttile was not the entity to whom the debt was initially payable. Count X fails to state a TILA claim against Stewart Title.

### III. CONCLUSION

Stewart Title's Motion to Dismiss is granted in part and denied in part. Counts I through V, Count IX, and Count X are dismissed as to Stewart Title. Counts VI through VIII are not dismissed.
IT IS SO ORDERED.

DATE: October 30, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT