IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

PAUL A. CRIDLEBAUGH and )
BETTY J. CRIDLEBAUGH, )
                                  )
        Plaintiffs, )
                                  )
vs. )     Case No. 12-6078-CV-SJ-ODS
                                  )
CITIMORTGAGE, INC., et al., )
                                  )
        Defendants. )

<u>ORDER AND OPINION GRANTING ROXANN RICKEY'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM</u>

Pending is Defendant Roxann Rickey's Motion to Dismiss. For the following reasons, the motion (Doc. # 50) is granted.

I. BACKGROUND

In November 2006, Plaintiffs obtained a loan from Corestar Financial Group, LLC and executed a Deed of Trust on certain real property to secure the loan. Plaintiffs essentially claim the Deed of Trust includes property that was not intended to be used as security. They have sued a multitude of defendants, including Roxann Rickey, asserting the following causes of action:

    Count I      Rescission/Reformation of the Deed of Trust
    Count II     Quiet Title
    Count III    Specific Performance
    Count IV    Breach of Contract
    Count V     Civil Conspiracy
    Count VI    Slander of Title
    Count VII   Fraud/Misrepresentation
    Count VIII  Negligent Misrepresentation
    Count IX    Violations of the Missouri Merchandising Practices Act

Count X    Violations of the Truth in Lending Act

Plaintiffs' state court Petition (also referred to herein as Plaintiffs' Complaint) alleges Rickey was hired by all the Defendants to "conduct[ ] the loan closing on behalf of all defendants" and "notarized the legal documents without explaining them to the Plaintiffs." Complaint, ¶ 11. This is the only specific mention of Rickey in the Complaint.

For her part, Rickey is defending herself pro se. Her motion raises some factual disputes that cannot be considered under Rule 12(b)(6). However, while the motion may not be as artful as one would expect from an attorney, the motion also challenges the legal viability of Plaintiffs' claims. In so doing, the motion essentially raises arguments that have been raised in the context of other Defendants' motions. In responding to Rickey's motion, Plaintiffs argue the Deed of Trust that was actually filed is different from the Deed of Trust that was notarized, in that the notarized Deed of Trust did not have a legal description. This, according to Plaintiffs, supports a legal claim against Rickey for Counts I through IX. Plaintiffs' Suggestions in Opposition at 3. As addressed more fully below, this generalized analysis does not demonstrate the legal viability of any of Plaintiff's claims.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). In this case, various loan documents have been attached to Plaintiffs' Complaint, so they may be considered in evaluating Stewart Title's motion.

### A. Count V

The Court will begin by addressing Count V because civil conspiracy is not really a cause of action. "A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or use unlawful means to do an otherwise lawful act." Trimble v. Pracna, 51 S.W.3d 481, 500 (Mo. Ct. App. 2001). It is not a cause of action unto itself, but rather a means of extending liability to parties who may have aided others in committing a tort without committing all of the elements of the tort themselves. Id. at 501. "A claim of conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996) (en banc). The "meeting of the minds" must be plead with sufficient facts to support the elements: not only because Missouri law requires it, Lyn-Flex West, Inc. v. Dieckhaus, 24 S.W.3d 693, 700 (Mo. Ct. App. 1999), but because Iqbal and Twombly require Plaintiff to plead facts sufficient to

3

show more than the mere possibility that there was a meeting of the minds to commit any of the torts alleged elsewhere in the Complaint. Count V simply alleges – with no elaboration or explanation of the facts – that there was a meeting of the minds. This is insufficient, and Count V must be dismissed.

### B. Count I

Reformation of an instrument is a form of equitable relief that is available when the parties to the instrument operated under a mutual mistake; it allows the instrument to be "rewritten" to conform to the parties' intent. Rainey v. Foland, 555 S.W.2d 88, 91 (Mo. Ct. App. 1977). Rescission involves cancelation of the contract or instrument and is also available when the parties labor under a mutual mistake. E.g., Shop 'N Save Warehouse Foods, Inc. v. Soffer, 918 S.W.2d 851, 862 (Mo. Ct. App. 1996). Rickey was not a party to the agreements Plaintiffs seek to reform or rescind, so it cannot be a defendant on Count I.

### B. Count II

A claim to quiet title seeks adjudication of the various parties' rights and interests with respect to land. E.g., Sharp v. Crawford, 313 S.W.3d 193, 199 (Mo. Ct. App. 2010). Rickey does not claim any interest or right in Plaintiffs' property and Plaintiffs do not allege Rickey currently has any right or interest in Plaintiffs' property, so Rickey must be dismissed from Count II.

### C. Counts III and IV

Count III asserts a claim for breach of contract, and Count IV seeks specific performance of the contract. Rickey was not a party to the contract, so neither Count III nor Count IV states a claim against Rickey.

4

### D. Count VI

To support their claim for slander of title, Plaintiffs must prove they had an interest in the property, that the defendant published false words, that the defendant acted maliciously, and that Plaintiffs suffered damage. E.g., Lau v. Pugh, 299 S.W.3d 740, 748-49 (Mo. Ct. App. 2009). Plaintiffs have not alleged that Rickey published any false words sufficient to support a slander of title claim against it, so this claim must be dismissed as to Rickey.

### E. Counts VII and VIII

The misrepresentation claims must be dismissed because the Complaint does not allege Rickey made any false statements to Plaintiffs. The Complaint also does not allege facts demonstrating Rickey had a duty to disclose any facts to Plaintiffs – nor, for that matter, does it allege Rickey concealed any facts. These claims must be dismissed.

### F. Count IX

The Missouri Merchandising Practices Act ("MMPA" prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise . . . ." Mo. Rev. Stat. § 407.020.1. Plaintiffs have not adequately pleaded any unfair trade practice, so this claim must be dismissed.

### G. Count X

The Truth in Lending Act ("TILA") provides liability for any "creditor" that fails to comply with its provisions. The term "creditor" is statutorily defined as follows:

5

> The term "creditor" refers only to a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g). Plaintiffs do not allege Rickey is regularly in the business of extending credit. Complaint, ¶ 87. Moreover, the documents attached to the Complaint (which, as noted, can be considered when ruling on the motion) demonstrate Rickey was not initially owed the debt. Count X fails to state a TILA claim against Rickey.

### III. CONCLUSION

Roxann Rickey's Motion to Dismiss is granted in its entirety.

IT IS SO ORDERED.

DATE: November 30, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

6