IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

PAUL A. CRIDLEBAUGH and )
BETTY J. CRIDLEBAUGH, )
 )
        Plaintiffs, )
 )
vs. )   Case No. 12-6078-CV-SJ-ODS
 )
CITIMORTGAGE, INC., et al., )
 )
        Defendants. )

## ORDER AND OPINION GRANTING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS

Pending is a Motion to Dismiss filed by the Federal National Mortgage Association ("Fannie Mae"). For the following reasons, the motion (Doc. # 5) is granted.

## I. BACKGROUND

In November 2006, Plaintiffs obtained a loan from Corestar Financial Group, LLC and executed a Deed of Trust on certain real property to secure the loan. Plaintiffs essentially claim the Deed of Trust includes property that was not intended to be used as security. They have sued a multitude of defendants, including Fannie Mae, asserting the following causes of action:

    Count I     Rescission/Reformation of the Deed of Trust
    Count II    Quiet Title
    Count III   Specific Performance
    Count IV   Breach of Contract
    Count V    Civil Conspiracy
    Count VI   Slander of Title
    Count VII  Fraud/Misrepresentation
    Count VIII Negligent Misrepresentation
    Count IX  Violations of the Missouri Merchandising Practices Act

Count X    Violations of the Truth in Lending Act

Plaintiffs' state court Petition (also referred to herein as Plaintiffs' Complaint) alleges Fannie Mae "either prepared the legal documents or had an assignment of finances from Defendant Corestar." Complaint, ¶ 13. However, the Complaint also alleges that Defendant Citimortgage "is the last known assignment of Plaintiff's financing, note, and Deed of Trust." Complaint, ¶ 14. The only other reference to Fannie Mae appears in the context of Count X, where Plaintiffs allege Fannie Mae is "in the regular business of extending credit." Complaint, ¶ 87. Plaintiffs' Suggestions in Opposition summarizes their theory thusly: because Fannie Mae prepared the Deed of Trust for others to use, Fannie Mae is liable on all ten counts. Plaintiffs' Suggestions in Opposition at 3.

## II.  DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003). In this case, various loan documents have been attached to Plaintiffs' Complaint, so they may be considered in evaluating Fannie Mae's motion.

### A. Count V

The Court will begin by addressing Count V because civil conspiracy is not really a cause of action. "A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or use unlawful means to do an otherwise lawful act." Trimble v. Pracna, 51 S.W.3d 481, 500 (Mo. Ct. App. 2001). It is not a cause of action unto itself, but rather a means of extending liability to parties who may have aided others in committing a tort without committing all of the elements of the tort themselves. Id. at 501. "A claim of conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996) (en banc). The "meeting of the minds" must be plead with sufficient facts to support the elements: not only because Missouri law requires it, Lyn-Flex West, Inc. v. Dieckhaus, 24 S.W.3d 693, 700 (Mo. Ct. App. 1999), but because Iqbal and Twombly require Plaintiff to plead facts sufficient to show more than the mere possibility that there was a meeting of the minds to commit any of the torts alleged elsewhere in the Complaint. Count V simply alleges – with no elaboration or explanation of the facts – that there was a meeting of the minds. This is insufficient, and Count V must be dismissed.

### B. Count I

3

Reformation of an instrument is a form of equitable relief that is available when the parties to the instrument operated under a mutual mistake; it allows the instrument to be "rewritten" to conform to the parties' intent. Rainey v. Foland, 555 S.W.2d 88, 91 (Mo. Ct. App. 1977). Rescission involves cancelation of the contract or instrument and is also available when the parties labor under a mutual mistake. E.g., Shop 'N Save Warehouse Foods, Inc. v. Soffer, 918 S.W.2d 851, 862 (Mo. Ct. App. 1996). Fannie Mae was not a party to the agreements Plaintiffs seek to reform or rescind, so it cannot be a defendant on Count I.

### B. Count II

A claim to quiet title seeks adjudication of the various parties' rights and interests with respect to land. E.g., Sharp v. Crawford, 313 S.W.3d 193, 199 (Mo. Ct. App. 2010). Fannie Mae does not claim any interest or right in Plaintiffs' property and Plaintiffs do not allege Fannie Mae currently has any right or interest in Plaintiffs' property, so Fannie Mae must be dismissed from Count II.

### C. Counts III and IV

Count III asserts a claim for breach of contract, and Count IV seeks specific performance of the contract. Fannie Mae was not a party to the contract, so neither Count III nor Count IV states a claim against Fannie Mae.

### D. Count VI

To support their claim for slander of title, Plaintiffs must prove they had an interest in the property, that the defendant published false words, that the defendant acted maliciously, and that Plaintiffs suffered damage. E.g., Lau v. Pugh, 299 S.W.3d 740, 748-49 (Mo. Ct. App. 2009). Plaintiffs have not alleged that Fannie Mae published

4

any false words sufficient to support a slander of title claim against it, so this claim must be dismissed as to Fannie Mae.

### E. Counts VII and VIII

The misrepresentation claims must be dismissed because the Complaint does not allege Fannie Mae made any false statements to Plaintiffs. The Complaint also does not allege facts demonstrating Fannie Mae had a duty to disclose any facts to Plaintiffs – nor, for that matter, does it allege Fannie Mae concealed any facts. These claims must be dismissed.

### F. Count IX

The Missouri Merchandising Practices Act ("MMPA" prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise . . . ." Mo. Rev. Stat. § 407.020.1. Plaintiffs have not adequately pleaded any unfair trade practice, so this claim must be dismissed.

### G. Count X

The Truth in Lending Act ("TILA") provides liability for any "creditor" that fails to comply with its provisions. The term "creditor" is statutorily defined as follows:

> The term "creditor" refers only to a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g). The documents attached to the Complaint (which, as noted, can be considered when ruling on the motion) demonstrate Fannie Mae was not the entity to whom the debt was initially payable. Count X fails to state a TILA claim against Fannie Mae.

### III. CONCLUSION

Fannie Mae's Motion to Dismiss is granted in its entirety.

IT IS SO ORDERED.

DATE: November 30, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT