IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH  DIVISION

PAUL A. CRIDLEBAUGH and            )
BETTY J. CRIDLEBAUGH,              )
                                  )
            Plaintiffs,            )
                                  )
vs.                                )        Case No.  12-6078-CV-SJ-ODS
                                  )
CITIMORTGAGE, INC., et al.,        )
                                  )
            Defendants.            )

ORDER AND OPINION DENYING
DEFENDANTS' MOTION TO COMPEL ARBITRATION

        Pending is a motion filed by Defendant CitiMortgage, Inc. ("Citi") and Mortgage
Electronic Registration Systems, Inc. ("MERS") seeking to compel arbitration pursuant
to an arbitration agreement.  For the following reasons, the motion (Doc. # 16) is
denied.


I.  BACKGROUND

        In November 2006, Plaintiffs obtained a loan from Corestar Financial Group, LLC
and executed a Deed of Trust on certain real property to secure the loan.  Plaintiffs
essentially claim the Deed of Trust includes property that was not intended to be used
as security.  Plaintiffs allege Citi was assigned the note and Deed of Trust.  Complaint,
¶ 14.  In September or October 2011, Citi is alleged to have doubled monthly payment
and impose other charges without having a contractual basis for doing so.  Complaint, ¶
19.  MERS is alleged to have "either prepared the legal documents or had an
assignment of the finance [sic] from" Corestar.  Complaint, ¶ 13.  The Deed of Trust,
which is an Exhibit to Plaintiffs' Complaint, specifies that "MERS is the beneficiary under
this Security Instrument" but "solely as nominee for Lender and Lender's successors
and assigns."  They have sued a multitude of defendants, including Citi and MERS,
asserting several causes of action.

The arbitration agreement is a separate document; it is not contained within the loan documents or the Deed of Trust. The Deed of Trust does not refer to the arbitration agreement. No party has provided a copy of any other loan documents, but Defendants seem to concede the Note does not refer to the arbitration agreement. Defendants' Surreply (Doc. # 58) at 3-4.

## II. DISCUSSION

"A court's role under the [Federal Arbitration Act] is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." Pro Tech Indus. V. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004); see also International Bhd. of Elec. Workers v. Hope Elec. Corp., 380 F.3d 1084, 1098-99 (8th Cir. 2004); Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001). This is because arbitration is a matter of consent: absent an enforceable agreement to arbitrate a particular dispute, neither party can compel arbitration of that dispute. See, e.g., Granite Rock Co. v. International Bhd. of Teamsters, 130 S. Ct. 2847, 2857-58 (2010). And, because the issue is one of contract, state law must be applied to determine if a binding agreement exists. E.g., Arthur Anderson LLP v. Carlisle, 556 U.S. 624, 629-31 (2009).

For several reasons, the Court concludes Defendants have not established an enforceable arbitration agreement exists. First, the parties are not established. The agreement refers to the parties as the Borrower and the Lender but does not utilize their names. There are signature blocks for the Borrowers, but their names are not printed and the signatures are not legible. For their part, Plaintiffs deny remembering signing such a document, and Defendants do not present anything other than counsel's representation to establish that the signatures are Plaintiffs' – and Defendants' counsel were not present at the signing of the document.

The second problem is even more insurmountable. Assuming for the sake of argument that Plaintiffs signed this agreement, all it would establish is that Plaintiffs have agreed to arbitrate the following:

> any and all disputes, claims, causes of action, controversies and
> disagreements arising from or relating to (1) the Loan, or (2) the validity or
> legal sufficiency of any provision set forth in any of the Loan Documents,
> or any disclosures, documents or papers executed in connection with the
> Loan or prepared in connection with the Loan . . . .

Nothing establishes that the loan at issue in this case is the "Loan" described in the arbitration agreement. The term "Loan" refers to "the mortgage loan," but "the mortgage loan" is not defined in any way: there is no document number, mention of the parties to the loan or the agreement, or even a date.[1] The only attempt to make such a connection appears in the first numbered paragraph, which says the parties are the Borrower "and the lender whose name or trade name appears on the note and the deed of trust, mortgage or other loan documents" – but nothing further identifies the note, deed of trust, mortgage, other loan documents, or any other aspect or characteristic of the transaction to which this arbitration agreement is related. Nothing before the Court connects the arbitration agreement to the loan at issue, so the Court has no way of knowing that the parties to the arbitration agreement agreed to arbitrate disputes related to *this* loan.

## III.  CONCLUSION

The Court cannot conclude an enforceable agreement to arbitrate exists, so the Motion to Compel Arbitration is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 3, 2012                           UNITED STATES DISTRICT COURT

---

[1] The agreement "shall inure and apply to any and all assignees, successors in interest or transferees of the Lender, and all subsequent holders of the Loan Documents, as well as any person assuming any obligation of the Lender or the Borrower under the Loan, and any servicer of the Loan, as if they were actual signatories to this Agreement."  Thus, *if* the arbitration agreement applied to the Loan Plaintiffs originally took from Corestar that is now held by Citi, the agreement would probably apply.

3